UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICAH 6:8 MISSION and HEALTHY GULF** <br><br> **VERSUS** <br><br> **REYNOLDS METALS COMPANY, L.L.C.** | **CIVIL ACTION NO. 2:25-cv-00156** <br><br> **JUDGE JAMES D. CAIN, JR.** <br><br> **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

<u>**REYNOLDS METALS COMPANY, L.L.C.'s**</u>
<u>**SUR-REPLY MEMORANDUM IN FURTHER OPPOSITION**</u>
<u>**TO PLAINTIFFS' MOTION TO ALTER JUDGMENT**</u>

  /s/ Andrew J. Harrison, Jr.
Andrew J. Harrison, Jr.
(La. Bar #20463)
Madeline Briody
(La. Bar # 31009)
**HARRISON LAW, LLC**
301 Main Street, Suite 820
Baton Rouge, LA 70801
Telephone: (225) 388-0065
Facsimile: (225) 388-0501
ajh@harrisonlawllc.com
madeline@harrisonlawllc.com

and

Arnold W. Reitze, Jr.
(D.C. Bar # 108951)
**HARRISON LAW, LLC**
9033 Skye Treeline Street
Las Vegas, NV 89166
Telephone: (702) 857-3933
Facsimile:  (225) 388-0501
arnold@harrisonlawllc.com
*Admitted Pro Hac Vice*

**Attorneys for defendant, Reynolds Metals Company, L.L.C.**

**MAY IT PLEASE THE COURT:**

Defendant, Reynolds Metals Company, L.L.C. ("Reynolds"), in this sur-reply further opposes the Motion to Alter Judgment submitted by MICAH 6:8 Mission and Healthy Gulf ("Plaintiffs"), pursuant to FRCP Rule 59(e) and Local Rule 7.1. As set forth below, Reynolds further maintains that no reconsideration of or alteration to the Court's judgment is warranted because no manifest error exists.

Plaintiffs' reply in support of its motion to alter the Court's August 6, 2025 judgment continues its efforts to make a simple case complex. Defendant Reynolds does not have an ongoing violation, which is a prerequisite for a Clean Water Act ("CWA") citizen suit. Plaintiffs' allegation of a violation is based solely on informational estimates made by Reynolds in TRI reports, but those reports cannot be used as the basis for CWA enforcement. This issue was previously thoroughly briefed. In fact, EPCRA Section 321 (Relationship to other law) says "[n]othing in this chapter shall … (3) affect or modify in any way the obligations or liabilities of any person under other Federal law." 42 U.S.C. §11041.[1] However, in the Plaintiffs' most recent reply they attempt to nullify the plain language of the statute by citing to a 1989 preamble in a proposed EPA regulation dealing with confidential business information, which is not an issue in this present litigation. 54 Fed. Reg. 38156, 38157. The proposed regulation ultimately was not finalized and did not amend the pertinent rule, 40 C.F.R. §2.302. Thus, the issue and EPCRA reference that is discussed by the Plaintiffs is not found in the existing CBI regulation. 40 C.F.R. §2.302. This regulation deals with whether information gathered under CWA §308 (information collection) and

---

[1] Reynolds certifies "reasonable estimates" in TRI reports but does not analyze outfall samples for TRI chemicals. Plaintiffs' allegations based solely on TRI estimates are frivolous.

CWA §509 (administrative procedure) is available to the public. It is not applicable to the Reynolds case.

Plaintiffs also state that LDEQ does not provide evidence that Reynolds was not discharging various pollutants. However, LDEQ has no obligation to rule out every possible substance that could theoretically be in a waste stream, and regulatory agencies do not impose monitoring or limits when laboratory analytical data shows ND or <MQL for specific pollutants. Moreover, LDEQ has decades of experience with this facility and yet, following review of Plaintiffs Notice of Intent ("NOI"), the Department concluded there are no violations.[2] In addition, the administrative record further shows that Plaintiffs have not participated in the permitting process and, in fact, there has been little public interest in this facility evidenced by the absence of any significant number of comments submitted during public comment periods. If the Plaintiffs had a legitimate concern for unregulated pollutants, they could have participated in the permitting process, but they did not.

Plaintiffs also continue to misstate the law concerning jurisdiction and misstate the holding of *Williamson v. Tucker,* 645 F.2d 404 (5th Cir. 1981). *Williamson* states "[t]he unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore not disputed." This means that the district court is not limited to an inquiry into disputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues that determine jurisdiction. "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bas[e]s: … (3) the complaint supplemented by undisputed

---

[2] When a facility is compliant with its NPDES permit as here, the CWA Permit Shield applies.

facts plus the court's resolution of disputed facts." *Id.* at 413.  This issue was also previously briefed in more detail, and this Court properly ruled subject matter jurisdiction is lacking.

## **CONCLUSION**

There are no allegations of law or fact in Plaintiffs' Complaint that are sufficient to invoke the Court's subject matter jurisdiction pursuant to the CWA.  The Court's ruling dismissing Plaintiffs' Complaint must remain undisturbed.

              Respectfully submitted on October 14, 2025,

              /s/Andrew J. Harrison, Jr.
              Andrew J. Harrison, Jr.
              (La. Bar #20463)
              Madeline Briody
              (La. Bar #31009)
              **HARRISON LAW, LLC**
              301 Main St., Suite 820
              Baton Rouge, LA 70801
              Telephone:  (225) 388-0065
              Facsimile:   (225) 388-0501
              ajh@harrisonlawllc.com
              madeline@harrisonlawllc.com

              and

              Arnold W. Reitze, Jr.
              (D.C. Bar # 108951)
              **HARRISON LAW, LLC**
              9033 Skye Treeline Street
              Las Vegas, NV 89166
              Telephone: (702) 857-3933
              Facsimile:   (225) 388-0501
              arnold@harrisonlawllc.com
              *Admitted Pro Hac Vice*

              ***Attorneys for defendant Reynolds Metals Company, L.L.C.***

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on October 14, 2025, the foregoing Sur-Reply Memorandum in Further Opposition to Plaintiffs' Motion to Alter Judgment was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

<u>/s/Madeline Briody</u>