UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICAH 6:8 MISSION and HEALTHY GULF** | **CIVIL ACTION NO. 2:25-cv-00156** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METALS COMPANY, L.L.C.** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

<u>**REYNOLDS METALS COMPANY, L.L.C.'s OPPOSITION**</u>
<u>**TO PLAINTIFFS' MOTION FOR ORAL ARGUMENT**</u>

   /s/ Andrew J. Harrison, Jr.
Andrew J. Harrison, Jr.
(La. Bar #20463)
Madeline Briody
(La. Bar # 31009)
**HARRISON LAW, LLC**
301 Main Street, Suite 820
Baton Rouge, LA 70801
Telephone: (225) 388-0065
Facsimile: (225) 388-0501
ajh@harrisonlawllc.com
madeline@harrisonlawllc.com

and

Arnold W. Reitze, Jr.
(D.C. Bar # 108951)
**HARRISON LAW, LLC**
9033 Skye Treeline Street
Las Vegas, NV 89166
Telephone: (702) 857-3933
Facsimile:  (225) 388-0501
arnold@harrisonlawllc.com
*Admitted Pro Hac Vice*

***Attorneys for defendant, Reynolds Metals Company, L.L.C.***

**MAY IT PLEASE THE COURT:**

Defendant, Reynolds Metals Company, L.L.C. ("Reynolds"), opposes the Motion for Oral Argument on Rule 59(E) Motion submitted by MICAH 6:8 Mission and Healthy Gulf ("Plaintiffs"). As set forth below, Reynolds maintains that no oral argument is necessary.

Plaintiffs' two reasons for requesting oral argument are the alleged complexity of the legal issues and the alleged significant public interest. Neither reason is supported by the extensive briefing that has already been submitted. The Court, after reviewing the extensive pleadings related to this case, issued a Memorandum Ruling[1] holding that, in the absence of ongoing violations, the Court lacked the requisite subject matter jurisdiction to entertain the lawsuit. A judgment dismissing the suit was issued on August 6, 2025.[2] Dissatisfied with the Court's ruling, Plaintiffs lodged a Motion to Alter Judgment,[3] which Defendants opposed,[4] and then filed their Request for Oral Argument.[5] Despite the numerous pleadings and motions, there is no credible evidence of an ongoing violation of the CWA or even a good faith allegation, since Toxics Release Inventory estimates, the sole basis for the Plaintiffs' claimed CWA violation, may not serve to affect obligations or liabilities of persons under other Federal law, as well as other reasons.[6] Plaintiffs now seek to resuscitate and relitigate their case with a request for oral argument, insisting that the very simple issue of subject matter jurisdiction in a CWA citizen suit is so "complicated" as to require oral argument before the Court. As the Court noted in its judgment, Reynolds is not in violation of its permit, and there is no evidence that Reynolds needed to correct any permit

---

[1] Doc. 25
[2] Doc 26
[3] Doc 41
[4] Doc. 39
[5] Doc 42
[6] 42 U.S.C. §11041.

application information; thus, the Court correctly held that it lacks subject matter jurisdiction to entertain this case.[7]

Second, plaintiffs assert there is "significant public interest" regarding pollution in the Calcasieu River, making this case of widespread community interest.[8] Yet, neither Micah 6:8 nor Healthy Gulf participated in Reynolds' permit renewal during the 2023 public participation period. Nor does it appear there was much public interest in Reynolds' permit renewal process. An examination of the public comments and LDEQ's Response to Public Comments, which accompanied issuance of the final permit, seems to show that only three public comments were received during this time, and LDEQ addressed each comment.[9] Furthermore, no individual or environmental organization, challenged the NPDES permit issued to Reynolds for this facility, or any other prior NPDES permit issued to the facility.

In support of their argument that there is "widespread interest" regarding pollution in the Calcasieu River, the Plaintiffs then refer the Court, in a footnote, to an article they participated in writing, to persuade the EPA "to develop water pollution standards for petcoke calciners"[10] which neither EPA nor LDEQ has done. This does not demonstrate a significant public interest.

The issues in this case have been fully briefed (hundreds of pages as pointed out by Plaintiffs) and there is little public interest in this facility or its permit. This request, if granted, would be a waste of the Court's resources. Therefore, Reynolds encourages this Court not to grant Plaintiff's request for oral argument as to Plaintiffs' Motion to Alter Judgment.

---

[7] Doc. 25, p. 17.
[8] Doc. 42-1, p.p. 1-2.
[9] https://edms.deq.louisiana.gov/app/doc/view?doc=13996283, p.p. 13-15.
[10] https://mostendangeredrivers.org/river/calcasieu-river/

2

Respectfully submitted on October 15, 2025,

/s/Andrew J. Harrison, Jr.
Andrew J. Harrison, Jr.
(La. Bar #20463)
Madeline Briody
(La. Bar #31009)
**HARRISON LAW, LLC**
301 Main St., Suite 820
Baton Rouge, LA 70801
Telephone:  (225) 388-0065
Facsimile:   (225) 388-0501
ajh@harrisonlawllc.com
madeline@harrisonlawllc.com

and

Arnold W. Reitze, Jr.
(D.C. Bar # 108951)
**HARRISON LAW, LLC**
9033 Skye Treeline Street
Las Vegas, NV 89166
Telephone: (702) 857-3933
Facsimile:   (225) 388-0501
arnold@harrisonlawllc.com
*Admitted Pro Hac Vice*

 *Attorneys for defendant Reynolds Metals Company, L.L.C.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2025, the foregoing Opposition to Plaintiffs' Motion for Oral Argument on Rule 59(E) Motion was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Madeline Briody