UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICAH 6:8 MISSION ET AL** | **CASE NO.  2:25-CV-00156** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **REYNOLDS METALS CO L L C** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Plaintiffs Micah 6:8 Mission and Healthy Gulf's Motion to Alter the Court's August 6, 2025 Judgment" (Doc. 31) wherein Plaintiffs move pursuant to Rule 59(e) of the Federal Rule of Civil Procedure for the Court to reconsider and alter its ruling that dismissed this matter for lack of jurisdiction. Also before the Court is "Plaintiffs Micah 6:8 Mission and Healthy Gulf's Motion for Oral Arguments on Rule 59(e) Motion" (Doc. 42).

## BACKGROUND

This Suit arises from the Clean Water Act ("CWA"). Plaintiffs seek injunctive relief against Defendant, Reynolds Metals Co., LLC ("Reynolds") to prevent them from allegedly continuing to release pollutants into the Calcasieu River and its connected bodies of water.[1]

On August 6, 2025, the Court dismissed the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, finding that because there was no evidence of ongoing violations of Reynolds' permit, the Court lacked subject matter jurisdiction.[2]

---

[1] Doc. 1.
[2] Docs. 25 and 26.

## **LAW AND ANALYSIS**

A Rule 59(e) motion is an extraordinary remedy that "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is appropriate: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

The Fifth Circuit has defined a "manifest error" as one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004); s*ee also Puga v. RCX Sols., Inc.,* 922 F.3d 285, 293 (5th Cir. 2019) (same).

Plaintiffs complain that Reynolds raised a factual Rule 12(b)(1) jurisdictional challenge for the first time in its reply brief. Consequently, Plaintiffs argue that Reynolds has waived this argument and thus the Court erred by considering it. The Court disagrees. It was quite obvious to this Court that in its Motion to Dismiss, Reynolds was making a factual jurisdictional challenge as opposed to a facial challenge. For example, Reynolds'

Motion attached five (5) exhibits for a total of 430 pages.[3] That alone spoke volumes to the Court that a factual challenge was being made.

Additionally, on the same day Reynolds filed its Motion to Dismiss, it also filed a Motion for the Court to take Judicial Notice of certain public documents[4] to support its Motion to Dismiss.[5] In response to the Motion for the Court to take judicial notice, Plaintiffs filed a Motion to Strike said exhibits.[6]

Next, Micah complains that the Court made a merits decision in dismissing the case for lack of jurisdiction. *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). This argument lacks merit as well. The Court first addressed the jurisdictional challenge before determining the merits of Reynolds' Rule 12(b)(6) argument. "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any state of the proceedings. A fortiori, a motion to dismiss under Fed. R. Civ. P. R. 12(b)(1) for lack of subject matter jurisdiction must include an inquiry by the court into its own jurisdiction." *Menchaca v. Chrysler Credit Corporation*, 613 F. 2d 507, 511 (5th Cir. 1980).

In *Williamson,* the Fifth Circuit explained that with a factual issue involving a 12(b)(1) motion "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." 645 F.2d at 413. In doing so, the Court may rely on the "complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

---

[3] See Doc. 10 and attached exhibits.
[4] These were the same documents attached to Reynolds Motion to Dismiss.
[5] Doc. 11.
[6] Doc. 19.

This Court did not make a decision on the merits. The prerequisite for this Court to invoke its power of jurisdiction of a CWA citizen's suit is for Reynolds' to have ongoing permit violations. Finding none, the Court did not address Reynold's other arguments,[7] and instead concluded that it lacked subject matter jurisdiction. The Court respectfully disagrees with Plaintiffs' arguments. Accordingly,

**IT IS ORDERED** that Micah 6:8 Mission and Healthy Gulf's Motion to Alter the Court's August 6, 2025 Judgment (Doc. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs Micah 6:8 Mission and Healthy Gulf's Motion for Oral Arguments on Rule 59(e) Motion (Doc. 42) is **DENIED** as unnecessary.

**THUS DONE AND SIGNED** in chambers on this 27th day of October, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[7] That the CWA Permit Shield applied, and the suit was an impermissible collateral attack of its permit.